STATE of Minnesota, Respondent,

v.

Donna Jo SPANGLER, Appellant.

No. A11–797.

Court of Appeals of Minnesota.

June 18, 2012.

Lori Swanson, Attorney General, St. Paul, MN; and Sara R. Grewing, Saint Paul City Attorney, John H. Stechmann, Assistant City Attorney, St. Paul, MN, for respondent.

Thomas C. Plunkett, St. Paul, MN, for appellant.

Considered and decided by JOHNSON, Chief Judge; RODENBERG, Judge; and HUSPENI, Judge.*

## OPINION

RODENBERG, Judge.

In this appeal, we consider whether the district court committed any error in approving an agreement between the parties prior to voir dire to dismiss a prospective juror who was a next-door neighbor of the attorney prosecuting the case. We hold that, because the rules do not proscribe

---

*Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

such an agreement, the district court committed no error.

## FACTS

When appellant Donna Jo Spangler appeared for a jury trial on a DWI charge, the prosecutor's next-door neighbor appeared on the list of prospective jurors for the case. Before the jury had been called, the prosecutor brought this fact to the attention of appellant and the district court. The prosecutor suggested that the clerk call somebody else instead of the neighbor. Appellant's counsel agreed, proposing that the clerk "strike [the neighbor] right away and replace him with somebody else." The district court summarized, on the record, that the parties agreed to release the prospective juror and replace him with the next person on the list.

When discussing who would be the last veniremember seated for purposes of determining a potential alternate, the clerk stated that the replacement juror would be the last person seated "because we struck one for cause." The following colloquy occurred:

THE CLERK: He'll still sit there, but he'll be the last person seated because we struck one for cause, so.

[PROSECUTOR]: Okay. It wasn't a strike for cause.

[APPELLANT'S COUNSEL]: So, we all agree on that—

[PROSECUTOR]:—a preemptive strike. Okay . . .

The parties did not further discuss the removal of the prospective juror.

Fifteen prospective jurors were sworn, including the one who replaced the prosecutor's neighbor. Following voir dire, the

Minn. Const. art. VI, § 10.

attorneys passed the jury for cause. Of the fifteen prospective jurors, seven were seated. The replacement juror was not among them. Excluding the pre-voir-dire removal of the prosecutor's neighbor, the parties collectively exercised their eight peremptory strikes as set forth in Minn. R.Crim. P. 26.02, subd. 6, though the record does not reflect who exercised which strikes. Appellant did not raise any objections regarding the peremptory strikes or the process.

The jury found appellant guilty of fourth-degree DWI, and this appeal follows.

## ISSUE

Did the district court err in approving the parties' agreement to excuse a prospective juror prior to voir dire because he was the prosecutor's next-door neighbor?

## ANALYSIS

■ Appellant argues that the district court permitted structural error when it allowed the state to exercise an "extra peremptory challenge." This argument requires interpreting the rules of criminal procedure, which this court reviews de novo. *Ford v. State*, 690 N.W.2d 706, 712 (Minn.2005). To the extent appellant's argument implicates the district court's removal of a juror for cause, we review such action under the abuse-of-discretion standard. *State v. Gillespie*, 710 N.W.2d 289, 297 (Minn.App.2006), *review denied* (Minn. May 16, 2006).

■ In cases not involving offenses punishable by life imprisonment, the state receives three peremptory challenges and the defendant receives five. Minn. R.Crim. P. 26.02, subd. 6. Peremptory challenges may be used for almost any reason. *State v. Reiners*, 664 N.W.2d 826, 833 (Minn.2003). Parties may challenge a juror for cause when, among other grounds, "[t]he juror's state of mind—in

reference to the case *or to either party*—satisfies the court that the juror cannot try the case impartially and without prejudice to the substantial rights of the challenging party." Minn. R.Crim. P. 26.02, subd. 5(1)(1) (emphasis added). A juror's partiality may therefore be demonstrated by "showing a personal relationship with ... [an] attorney in the litigation." *State v. Reiners*, 644 N.W.2d 118, 123 (Minn.App. 2002), *aff'd*, 664 N.W.2d 826 (Minn.2003). Challenges must be exercised first to the panel, then to an individual for cause, then to individuals for peremptory strikes. Minn. R.Crim. P. 26.02, subd. 8.

Appellant's entire argument hinges on her contention that the state was permitted to exercise four peremptory challenges instead of three. To reach this conclusion, she argues that the removal of the prosecutor's neighbor constituted the state's first exercise of a peremptory strike.

■ The record simply does not support appellant's contortion of the facts. The parties and the court agreed to excuse the prosecutor's neighbor before the prospective jurors had been called in or sworn. Neither party had yet questioned the neighbor regarding any potential bias; instead, the parties and the court were apparently satisfied that the juror could not be impartial because of his personal connection to the prosecutor. The court expressly characterized this removal as an agreement between the parties to release the neighbor and replace him with somebody else. In context, then, the removal was not a peremptory strike but rather a stipulation between the parties.

Appellant argues that the prosecutor's characterization of the neighbor's removal as a "preemptive strike" is indicative of the prosecutor having been allowed to exercise a fourth peremptory challenge. This argument is fatally flawed because the record does not support that (1) the strike was

peremptory within the meaning of Minn. R.Crim. P. 26.02, subd. 6, or (2) if it was, the strike was chargeable against the state.

■ The defining characteristic of a peremptory strike is that it may be exercised for virtually any reason. *See Reiners*, 664 N.W.2d at 833. This comports with the common meaning of the term "peremptory" as "[n]ot requiring any shown cause; arbitrary." *Black's Law Dictionary* 1251 (9th ed.2009). The purpose of a peremptory strike is to excuse a prospective juror who has *not* demonstrated any grounds for bias, but who is "otherwise unsatisfactory to the challenging party." *Reiners*, 664 N.W.2d at 833.

In agreeing to excuse the juror in this case, the prosecutor used the term "preemptive," not "peremptory." Appellant maintains that the prosecutor misspoke, and she must have meant "peremptory." But the record does not support that argument. To the contrary, the context suggests that the prosecutor may well have deliberately chosen the term "preemptive." This word commonly means something undertaken to "deter or prevent an anticipated, usually unpleasant situation or occurrence." *The American Heritage Dictionary* 1427 (3d ed.1992). That is precisely what the parties appear to have done in agreeing to excuse the prospective juror: they intended to avoid having to question the prospective juror, strike him for cause, or potentially stumble upon fair-trial issues if he were seated. *Cf. State v. James*, 638 N.W.2d 205, 210 (Minn.App.2002) (observing that the district court properly exercised its discretion by releasing a prospective juror who could not stay awake during voir dire, thereby avoiding potential fair-trial issues), *review denied* (Minn. Mar. 27, 2002). This course

of action served both parties' interests in efficiency. Both parties' counsel appear to have recognized that the juror would have been unlikely to be seated had the jury selection process run the ordinary course. By saving time and avoiding complications, excusing the prosecutor's neighbor by agreement was "preemptive" in effect.[1]

Additionally, the record does not reflect that the strike—whether peremptory or preemptive—was exercised by the state rather than by appellant. It was defense counsel who first used the term "strike" in suggesting a solution to the situation. And although there followed some disjointed discussion about whether the removal was a strike for cause or not, it appears very clear that appellant's trial counsel desired the prosecutor's neighbor to be excused. The prosecutor had no motivation to unnecessarily exercise a peremptory strike under the circumstances.

Finally, eight strikes were exercised to narrow the prospective jury down from fifteen to seven. Presumably, defense counsel exercised five peremptory strikes and the prosecutor exercised three, in accordance with the rules. *See* Minn. R.Crim. P. 26.02, subd. 6. No objection to the process was voiced by appellant or her counsel. This further suggests that the parties did not treat the release of the prospective juror as a peremptory strike. Appellant has not directed us to anything in the record hinting otherwise.

■ Appellant argues that excusing the juror in this manner was improper because no provision in the rules of criminal procedure authorizes such a removal before the parties have begun questioning the prospective jurors. While it is true that no provision contemplates the exact scenario

---

1. We observe in passing that there is no claim and no appearance of any invidious discrimination nor anything of the sort, such as could indicate a potential violation of the Jury Management Rules. *See* Minn. R. Gen. Pract. 801–814.

that arose in this case, neither do the rules prohibit the district court's action. Arguably, the district court conducted something of a short-form removal for cause. *See* Minn. R.Crim. P. 26.02, subd. 5(1)(1) (permitting removal for cause when, *inter alia,* the juror's state of mind with regard to either party satisfies the court that the juror cannot try the case impartially); *Reiners,* 644 N.W.2d at 123 (recognizing that grounds for removing a juror for cause exist when the juror has a personal relationship with an attorney in the litigation). The reasons for the removal were fully discussed on the record. Indeed, almost immediately after the hearing began, the prosecutor commendably and voluntarily disclosed that a prospective juror was her next-door neighbor. The parties agreed to remove that juror, essentially for cause, due to his personal connection with the prosecutor. The district court acted within its discretion in approving the parties' agreement that the prospective juror was unsuitable due to that relationship.

Because we conclude that the district court did not commit any error in excusing the juror pursuant to the parties' agreement, we do not reach appellant's argument that the court's action constituted structural error.

## DECISION

The district court did not err in excusing a prospective juror prior to voir dire pursuant to the parties' agreement because the juror was the prosecutor's next-door neighbor.

**Affirmed.**